1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURIY BOUZELEV, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THC – ORANGE COUNTY, LLC, *et al*.<br><br>Defendants. | Case No. 8:19-cv-01846-DMG-DFM<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

BEFORE THE COURT is the Motion for Final Approval of Class Settlement submitted by Plaintiff Yuriy Bouzelev ("Plaintiff" or "Class Representative"), individually, and on behalf of all FCRA Class Members and Defendant THC – Orange County, LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 23. (Docket Entry No. ___). A Final Fairness Hearing was held on May 14, 2021. The Court, having considered the Motion, the submissions of the Parties relating to the proposed settlement, any objections, the arguments of counsel at the Final Fairness Hearing as well as the pleadings and papers on file herein, is of the opinion that such Motion should be granted.

It is therefore ORDERED that the Joint Motion for Final Approval of Proposed Class Settlement is GRANTED. Accordingly, it is further ORDERED as follows, and the Court makes the findings set forth below:

1. <u>Settlement Agreement</u>. The "Stipulation for Class Action Settlement" ("Agreement") that was submitted with the Plaintiff's Motion for Preliminary Approval of Class Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class (Docket Entry No. 30-4) ("Motion for Preliminary Approval of Class Settlement"); the Exhibits to the Agreement; and the definitions of words and terms contained in the Agreement are incorporated in this Order.

2. <u>Preliminary Approval Order</u>. On January 8, 2021, the Honorable Court entered an Order Granting Plaintiff's Motion for Preliminary Approval of Class Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class (Docket Entry No. 35) ("Preliminary Approval Order"). The Agreement was preliminarily approved pending the Final Fairness Hearing. The Court also (a) conditionally certified the FCRA Class for settlement purposes; (b) approved the form of and method of distribution of the Settlement Notice to the FCRA Class; (d) appointed Yuriy Bouzelev as Class Representative for the FCRA Class; (e) appointed Eric B. Kingsley and Kelsey M. Szamet of KINGSLEY & KINGSLEY APC, and Emil

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.     Case No. 3:19-cv-03187-MMC (Consolidated)
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Davtyan of DAVTYAN PROFESSIONAL LAW CORPORATION as Class Counsel for the FCRA Class; and (f) appointed Simpluris as the Settlement Administrator. The terms of and findings made in the Preliminary Approval Order are adopted and incorporated into this Order.

3. <u>Final Class Certification for Settlement Purposes</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies, for settlement purposes only, the following class, to be known as the "FCRA Class," which consists of two subclasses as defined in the Agreement: the "2 Year FCRA Subclass" and the "5 Year FCRA Subclass:"

> All applicants for employment in the United States for whom Defendant THC-Orange County, LLC procured a consumer report for purposes of employment from September 26, 2014 through July 2, 2019, inclusive.

"2 Year FCRA Subclass" means:

> All applicants for employment in the United States for whom Defendant THC-Orange County, LLC procured a consumer report for purposes of employment from September 26, 2017 through July 2, 2019, inclusive. .

"5 Year FCRA Sub-Class" means:

> All applicants for employment in the United States for whom Defendant THC-Orange County, LLC procured a consumer report for purposes of employment from September 26, 2014 through September 25, 2017, inclusive. .

4. <u>Prerequisites for Class Action</u>. Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

(a) The FCRA Class appears so numerous that joinder of all members is impracticable. The FCRA Class consists of approximately 3,505 members;

(b) There appear to be questions of law or fact common to the FCRA Class for purposes of determining whether the settlement should be approved;

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.   Case No. 8:19-cv-01846-DMG-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

(c) The Class Representative's claims for the alleged violations of the disclosure and authorization provisions of the Fair Credit Reporting Act appear to be typical of the claims of the FCRA Class; and

(d) The Class Representative and Class Counsel appear to be capable of fairly and adequately protecting the interests of the FCRA Class Members in connection with the proposed settlement.

5. <u>Rule 23(b)(3) Class Action</u>. The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

(a) Common questions of law and fact appear to predominate over questions affecting only individual persons in the FCRA Class; and,

(b) Certification of the FCRA Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the FCRA Class members.

6. <u>Notice of Class Action Settlement to the FCRA Class</u>. Pursuant to the Preliminary Approval Order and the Agreement, the Summary Notice was emailed and/or mailed to members of the FCRA Class. The Court finds that the form, content, and method for notifying the FCRA Class comply with the Preliminary Approval Order, meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice. The Court further finds that the Settlement Administrator has complied with the Preliminary Approval Order and with the requirements of and procedures under the Agreement for distribution of the Settlement Notice to the FCRA Class.

7. <u>Notice Under CAFA</u>. Defendant timely served notices of the proposed settlement on the United States Attorney General and Attorneys General for the States in which FCRA Class Members reside pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715. The Court finds that Defendant's notification of the proposed settlement fully complies with the requirements of CAFA.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.   Case No. 8:19-cv-01846-DMG-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

8. <u>Exclusions</u>. FCRA Class Members were notified in the Settlement Notice of this class action settlement and of their opportunity to request to be excluded from, or to opt out of, the FCRA Class. One individual submitted a timely written exclusion/opt-out statement to the Settlement Administrator.

9. <u>Objections to Settlement</u>. FCRA Class Members were also notified in the Settlement Notice of their opportunity to object to the settlement by filing written objections with the Court. No individuals submitted an objection to the Settlement Administrator.

10. <u>Final Approval of Settlement and Agreement</u>. The Court finally approves the proposed Settlement and the Agreement submitted with the Plaintiff's Motion for Preliminary Approval of Class Settlement. The Court finds that settlement on the terms set forth in the Agreement is fair, reasonable, and adequate and that such settlement is, in all respects, in the best interests of the FCRA Class. Factors considered to assess the fairness, reasonableness, and adequacy of a class action settlement warrant final approval of the Settlement and Agreement. The Court further finds that the Settlement set forth in the Agreement resulted from arm's length negotiations. The Parties are ordered to consummate the Agreement in accordance with the terms and provisions of the Agreement.

11. <u>Payment to FCRA Class</u>. The Settlement Administrator shall cause payment to be issued to FCRA Class Members who did not submit timely and valid requests for exclusion pursuant to the terms for calculating Settlement Payments set forth in the Agreement. The Settlement Administrator shall either mail settlement checks to FCRA Class Members at their last known addresses via first class United States mail or send payments electronically when requested, within fourteen (14) calendar days of Defendants remitting the funds as set forth in Paragraph 40(c) of the Agreement.

12. <u>Service Award to Plaintiff</u>. Plaintiff has applied for a service payments as Class Representative in the amount of $5,000.00 (the "Service Award").

Plaintiff's requests for the Service Award is granted. In accordance with the Agreement, the Settlement Administrator shall make this Services Award payment to Plaintiff, to be delivered to Class Counsel, in accordance with the Agreement.

13. <u>Attorneys' Fees to Class Counsel</u>. Class Counsel has applied for an award of attorneys' fees in the amount of $105,150.00 and costs in the amount of $10,005.25 incurred in this Action. Class Counsel's request for attorney's fees and costs is granted. The Court awards $105,150.00 to Class Counsel for attorneys' fees and $10,005.25 for costs incurred in this Action. In accordance with the terms of the Agreement, the Settlement Administrator shall make this payment to Class Counsel.

14. <u>Release of Claims by Plaintiff</u>. By the Agreement, the General Release of All Claims, this Final Approval Order, and the Final Judgment, Plaintiff has forever released, waived, acquitted and forever discharged Defendant and all their affiliated entities, and their past, present, and future parent companies, holding companies, limited liability companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, members, managers, trustees, subcontractors, customers, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendant or affiliated entities, or divisions, units, branches, and any other persons or entities acting by through, under or in concert with them (collectively, "Released Parties") from any all claims released by the FCRA Class Members, including any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law or contract, whether known or unknown, and whether anticipated or unanticipated, including all unknown claims covered by California Civil Code § 1542 that could have been or are asserted based on Plaintiff's application for employment, employment with, and

separation from Defendant arising at any time up to and including August 24, 2020, for any type of relief, including, without limitation, claims based on the alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b *et seq.*; and any other federal, state or local law governing the procurement and use of background/credit checks, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the ADA Amendments Act; the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; the California Family Rights Act, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 203 *et seq.*; the California Fair Employment and Housing Act, as amended, Cal. Gov't Code § 12900 *et seq.*; the California Constitution; the California Labor Code, any applicable California Industrial Welfare Commission Wage Order and any claims under state or federal law for wage and hour violations including minimum wage, overtime, overtime premium pay; expense reimbursement, meal periods, rest periods, inaccurate wage statements, claims for vacation, sick pay, paid time off or leave; federal and state claims for discrimination, harassment, and retaliation;  or and all other known and unknown claims under any federal or state common law, statutory, or regulatory provision, now or hereafter recognized, and all claims for attorneys' fees and costs, to the fullest extent permissible by law (including a waiver of any and all rights and benefits conferred by Cal. Civ. Code § 1542 and any similar provision under any other law).which  .

15. <u>Release of Claims by FCRA Class Members</u>.  By the Agreement, this Final Approval Order, and the Final Judgment, the FCRA Class Members who do not submit a timely and valid opt-out form shall release the Released Parties to the fullest extent permitted by law from any and all claims of any kind whatsoever, whether known or unknown, whether based on common law, regulations, statute or a constitutional provision, under state, federal, or local law, arising out of the allegations made in the Action and that reasonably arise, or could have arisen, out of the facts alleged in the Action as to the FCRA Class Members up to and including the date of final judgment,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6.  Case No. 8:19-cv-01846-DMG-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

including, but not limited to, claims arising from the procurement of background checks, motor vehicle reports, reference checks, investigations, and/or consumer reports or investigative consumer reports of any kind on them by any of the Released Parties, and any other claims for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et seq.*, and related federal, state, and/or local laws, including but not limited to the California Consumer Reporting Agencies Act, the California Investigative Consumer Reporting Agencies Act, California Business and Professions Code § 17200, *et seq.*, whether willful or otherwise, for declaratory, injunctive and equitable relief or restitution, statutory damages, actual and compensatory damages, punitive damages, and costs and attorney's fees, from September 26, 2014 through the date of final judgment. Notwithstanding the foregoing, nothing in the Settlement releases any claims that cannot be released as a matter of law., It is expressly intended and understood by the Parties that the Agreement is to be construed as a complete settlement, accord, and satisfaction of the FCRA Class Members' Released Claims.  No FCRA Class Member may circumvent the spirit and intent of the release by seeking to join in any way together with any other FCRA Class Members in any action whatsoever, including any mass action under CAFA or otherwise, that asserts such Released Claims.

16.   Dismissal of Action.  The Court dismisses with prejudice Plaintiff's operative claims, and any and all of Plaintiff's other claims, known or unknown, that were asserted, or could have been asserted, against Defendant.  The Court also dismisses with prejudice all claims of the FCRA Class.

17.   Binding Effect of Agreement, Order, and Judgment. The Agreement, this Final Approval Order, and the Final Judgment are binding on Plaintiff, on all FCRA Class Members, and on all FCRA Class Members who have not submitted a timely and valid written notice of intent to opt-out of the settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Defendant and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.   Case No. 8:19-cv-01846-DMG-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

18. <u>Consent Order</u>.  The Court has considered the stipulation and motion for consent order filed by Defendant and hereby enters the proposed Consent Order, Exhibit A hereto, as an Order of this Court.

19. <u>Jurisdiction</u>.  Without affecting the finality of the Final Judgment in any way, the Court retains jurisdiction of matters relating to this Order and the administration, interpretation, consummation, and enforcement of the Agreement.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

**DATED: _____, 2021**

_____
The Honorable Dolly M. Gee
United States District Judge

4826-6851-8354.2 068500.1454

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.   Case No. 8:19-cv-01846-DMG-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT