**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURIY BOUZELEV, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THC – ORANGE COUNTY, LLC, *et al*.<br><br>Defendants. | Case No. SA CV 19-01846-DMG (DFMx)<br><br>**FINAL JUDGMENT** |

IT IS HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The settlement of this class action on the terms set forth in the Parties' Stipulation for Class Action Settlement, with exhibits and any amendments thereto (collectively, the "Settlement Agreement" or "Agreement"), and definitions included therein, signed on November 23, 2020 and filed with this Court, is finally approved, and the following class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3): all applicants for employment in the United States for whom Defendant THC-Orange County, LLC procured a consumer report for purposes of employment from September 26, 2014 through July 2, 2019, inclusive. Excluded from the FCRA Class are persons who timely and properly exclude themselves from the FCRA Class as provided in the Settlement Agreement. "Released Parties" means Defendant THC – Orange County, LLC, and all divisions, related or affiliated companies, parents, shareholders, officers, directors, employees, agents, attorneys, insurers, reinsurers, investors, successors and assigns, owners, officials, partners, assigns, principals, heirs, representatives, predecessors in interest, beneficiaries, executors, members, privies, administrators, fiduciaries, and trustees and any individual or entity which could be jointly liable with THC – Orange County, LLC.

2. The Court finds that Rachel Herelle, identified in the Declaration of Jarrod Salinas for Simpluris Inc., the Settlement Administrator [Doc. # 38-4], and filed with the Court, has submitted a timely and valid request for exclusion from the FCRA Class and is therefore not bound by this Final Judgment and accompanying Final Order. All other members of the FCRA Class are bound by the terms and conditions of the Settlement Agreement, this Final Judgment, and the accompanying Final Order.

3. The Settlement Notice, the toll-free telephone number, all other notices in the Settlement Agreement, and the notice methodology implemented pursuant to the Settlement Agreement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise FCRA

Class Members of the pendency of the Action, the terms of the settlement, and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Final Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. §1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. The claims in *Yuriy Bouzelev, an individual, on behalf of himself and others similarly situated v. THC – Orange County, LLC, et al*, Case No. SA CV 19-01846-DMG (DFMx) (the "Action") are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Settlement Agreement and in the Court's Final Order Approving Class Action Settlement, (the "Final Approval Order"), without costs to any party except as provided in the Final Approval Order.

5. Class Counsel and Defendant shall take all steps necessary and appropriate to provide FCRA Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

6. Class Counsel shall be awarded $94,635.00 in attorneys' fees and $10,005.25 in costs, which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and is in accordance with the terms of the Settlement Agreement.

7. The Class Representative shall be awarded $5,000.00 as a service award in his capacity as a representative Plaintiff in the Action.

8. The Court will retain continuing jurisdiction over the Action for the reasons and purposes set forth in this Court's Final Approval Order.

//
//
//
//

9. There are no objection(s) to the Stipulation of Settlement, the Service Award, and Award of Attorneys' Fees and Costs.

**IT IS SO ORDERED.**

**DATED: May 14, 2021**

_____
The Honorable Fernando M. Olguin
United States District Judge